IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal Action No. 7:16-cr-10 |
| v. | ) | |
| | ) | |
| SHAWN TYRONE YOUNG, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant | ) | |

MEMORANDUM OPINION

On August 8, 2022, defendant Shawn Tyrone Young, proceeding pro se, filed a motion

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 369. The Federal

Public Defender was given an opportunity to file a supplemental motion on Young's behalf

but declined to do so. ECF Nos. 371, 372. The government responded in opposition to

Young's motion on October 10, 2022. ECF No. 374. For the reasons stated below, the court

**DENIES** Young's motion for a sentence reduction.

## I. Background

On February 18, 2016, Young was indicted on two counts of distributing heroin and

two firearm counts. Indictment, ECF No. 19. On June 6, 2016, Young entered into a Rule

11(c)(1)(C) plea agreement in which he agreed to plead guilty to conspiracy to distribute 1,000

grams or more of a mixture containing heroin, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A) (Count 1) and one count of possessing a firearm after having been convicted of

a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C.

§ 922(g)(1) (Count 11). Plea Agm't, ECF No. 109 at 1-2. On September 16, 2016, Young was

sentenced to 151 months on Count 1 and 24 months on Count 11, to run concurrently. The

remaining counts were dismissed. J., ECF No. 150. Young currently is incarcerated at Federal

Correctional Institution (FCI) Beckley and has a projected release date of February 2, 2027.[1]

Young seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that

(1) he is at increased risk of contracting COVID-19 and becoming seriously ill because of

underlying health issues; (2) his parents are incapacitated and he is their only available

caregiver; (3) the prison is understaffed making conditions at the facility very difficult; and (4)

his underlying conviction was obtained in violation of his constitutional rights because of the

involvement of an officer, Craig Frye, in the investigation of his case.[2]

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First

Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has
> been imposed except that—in any case—the court, upon motion
> of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons
> to bring a motion on the defendant's behalf or the lapse of 30
> days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or
> supervised release with or without conditions that does not
> exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent with
> applicable policy statements issued by the Sentencing
> Commission.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Shawn Tyrone Young")
(last viewed December 11, 2023).
[2] Young claims that Frye engaged in dishonest practices while employed as a law enforcement officer.

Accordingly, Young's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Young submitted his request for compassionate release to the warden of Federal Correctional Institution Ray Brook (where he was housed at the time) on May 9, 2022, ECF No. 369-1, and filed his motion for a sentence reduction more than 30 days later. The government does not contest that Young has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Young has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling reasons" warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised guidelines will be applied to Young's motion.

3

## A. COVID-19

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Young cannot make this showing because he cannot show either that FCI Beckley is affected by an outbreak of an infectious disease, or an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Beckley has zero open cases of COVID-19 out of 1,671 inmates.[3] The facility is operating at Operational Level 1, indicating that the medical isolation rate at the facility is less than two percent and that there are fewer than 100 cases per 100,000 over the last seven days.[4] In

---

[3] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed Dec. 12, 2023).
[4] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Dec. 12, 2023).

addition, on May 11, 2023, the United States Department of Health and Human Services announce the end of the public health emergency caused by the COVID-19 pandemic.[5]

In addition, even if Young could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death that cannot be adequately mitigated in a timely manner. Young argues that he is at special risk from COVID-19 because he has a history of smoking cigarettes and marijuana. Mot., ECF No. 369 at 6. However, Young has either been vaccinated against COVID-19 or has been offered a vaccination against COVID-19,[6] and the vaccines "provide sustained protection against severe disease and death. ..."[7] Therefore, even if Young could show that COVID-19 was causing an outbreak at his facility or was considered an ongoing public health emergency, he cannot show that his risk could not be mitigated by a vaccine against the virus.

Based on the foregoing, Young cannot show that COVID-19 creates an extraordinary and compelling reason for a sentence reduction and therefore, his motion for a sentence reduction based on the COVID-19 pandemic is **DENIED**.

## B. Caring for Elderly Parents

Young also claims that he is entitled to a sentence reduction so that he can be released to care for his elderly parents. Under the revised guidelines, a defendant may be able to show an extraordinary and compelling reason for a sentence reduction upon producing evidence

---

[5]https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed Dec. 12, 2023).

[6] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Dec. 12, 2023).

[7] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (last viewed Dec. 12, 2023).

that the defendant's parent is incapacitated and the defendant is the only available caregiver for the parent. USSG § 1B1.13(b)(3)(C) (Nov. 2023).

Young asserts that both his parents are elderly and ill and require 24-hour medical care and supervision. He asserts that his father has severe dementia and cannot be left alone and that Young is the only person who can care for them.

Prior to the issuance of the revised guidelines, there was no specific provision for compassionate release in the context of a need to care for an incapacitated parent. Nevertheless, courts occasionally found extraordinary and compelling circumstances in cases of extreme need where the defendant was the only possible caretaker of the parent. For example, in United States v. Hicklin, No. 6:16-cr-2, 2020 WL 7406791, at *3 (W.D. Va. Dec. 11, 2020), the court found that a defendant showed an extraordinary and compelling circumstance warranting compassionate release where he was the only possible caretaker for his mother who had severe medical issues and who herself took care of a disabled adult daughter. Similarly, in United States v. Bucci, 409 F.Supp.3d 1, 2 (D. Mass. 2019), the court granted compassionate release upon a finding that the defendant was the only available caregiver for his ailing mother. See also United States v. Hernandez, No. 16-20091-CR-Williams, 2020 WL 4343991 (S.D. Fla. April 3, 2020) (granting compassionate release when defendant showed he was the only potential caregiver for his mother who had cancer, was functionally blind, and had mobility limitations), and United States v. Walker, No. 1:11 CR 270, 2019 WL 5268751, at * 2 (N.D. Ohio Oct. 17, 2019) (granting compassionate release to defendant who provided undisputed evidence to the court of his mother's serious illness, along

6

with a showing that he had an unusual and lucrative job opportunity and was scheduled for release to a halfway house within three months).

Young has provided no evidence that either of his parents is incapacitated or that he is their only available caregiver. Young has been incarcerated for almost 8 years and did not advise the court as to who has been caring for his parents during this time and why the caregiver no longer is able to care for his parents. In a letter to the court written by Young's mother in October 2023, she indicated that she was being treated for a serious health condition and wanted to see her son, but she did not indicate that she was incapacitated or that she needed a caregiver. Letter, ECF No. 380. Also, in the PSR, the United States Probation Officer indicated that Young has five sisters. PSR, ECF No. 155 ¶ 73. While the court does not presume that any of Young's sisters are available as caregivers for his parents, Young has the burden of showing that he is the only available caregiver for his incapacitated parents and he has not done so here. See United States v. Allen, No. 4:13-cr-00024, 2021 WL 3025458, at *3 (W.D. Va. July 16, 2021) (denying compassionate release where defendant did not show he was his mother's only available caregiver or that she was disabled); United States v. Shovely, No. 7:15-cr-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021) (finding inmate's desire to care for his parents admirable and noting that he was their only child, but further finding he had neither argued nor demonstrated that he was their only available caregiver); United States v. Richardson, No. 5:18-CR-507-IFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (declining to grant compassionate release "in the absence of a robust evidentiary showing that defendant is the only available caregiver"). See also United States v. Crisp, No. 1:11-cr-00026-JLT-1, 2022 WL 3448307, at *2 (E.D. Cal. Aug. 17, 2022) ("If a

7

sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one."); United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (noting that the need to care for an elderly parent was not extraordinary because "[m]any, if not all inmates, have aging and sick parents.")

Although the court is sympathetic to Young's situation and appreciates his desire to care for his parents, he has not made a showing that his parents are incapacitated or that he is their only available caregiver. Accordingly, his motion for a sentence reduction to take care of his elderly parents is **DENIED.**

### C. Prison Conditions

Young also complains that he is entitled to compassionate release based on harsh prison conditions. He complained that the prison was understaffed, had no doctor or psychologist, had stopped offering educational programming and recreation activities, was not providing basic hygiene or cleaning supplies, did not provide dental cleanings, did not allow access to an optometrist, and did not provide adequate food at meals. Mot., ECF No. 369 at 7–9. At the time he filed his motion, the COVID-19 pandemic was still affecting many aspects of life for people who were incarcerated as well as for those who were not. In addition, when Young filed his motion, he was housed at FCI Ray Brook, and now is at FCI Beckley. For these reasons, it is unknown if the harsh prison conditions persist.

Regardless, the revised guidelines do not contemplate that prison conditions can be a ground for a sentence reduction.[8] In addition, courts have held that harsh prison conditions, whether due to the pandemic or other factors, do not justify a reduced sentence. See, e.g., United States v. Campbell, No. ELH-14-0058, 2022 WL 17105175 at *13–14 (D. Md. Nov. 21, 2022) ("General hardships due to COVID-19 do not constitute an extraordinary and compelling circumstance that warrants an inmate's release."); United States v. Fuentes, No. 2:19crl09, 2022 WL 3581392, at *9 (E.D. Va. Aug. 19, 2022) (acknowledging that COVID-19 limited educational and rehabilitative programming, but finding defendant did not show that such circumstances were extraordinary); United States v. Graham, No. 3:12-cr-00188-FDW-DSC, 2022 WL 1632168, at *4 (W.D.N.C. May 23, 2022) ("There is no evidence before the Court tending to show Defendant's current prison conditions provide a factual or legal basis for a sentence reduction under this record, and the Court's role is not to micromanage the BOP's regulations as it relates to the COVID-19 virus."); and United States v. Bryant, No. 3:04-cr-00047-01, 2022 WL 1094731, at *4 (W.D. Va. April 12, 2022) ("[W]hile the conditions at FCI McDowell might be somewhat more onerous for prisoners than they would be in the absence of the pandemic, they are not unusually arduous to the extent that the Court could hold that they constitute extraordinary and compelling reasons for release."). Therefore, Young cannot make out a claim for compassionate release based on prison conditions and his motion based on these allegations is **DENIED**.

---

[8] The guidelines do provide that a defendant who shows that he has a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at serious risk of deterioration in health or death, and a defendant who establishes that he is the victim of physical or sexual assault by a prison staff person, may be entitled to a sentence reduction. USSG §§1B1.13(b)(1)(C) and (b)(4). Young has not made either of these allegations.

## D. Challenge to Conviction

Young also argues that he was falsely accused and "coerced into these federal charges" and thus is entitled to compassionate release. Mot., ECF No. 369 at 9–10. His claim is based the participation of law enforcement officer Craig Frye in the investigation and prosecution of his case. As explained in the memorandum opinion filed by this court on July 1, 2020, ECF No. 293, two years after Young was convicted and sentenced, the government filed a motion seeking disclosure of grand jury materials and potential impeachment materials regarding Frye and the court granted the motion.[9] In short, starting in 2004 and continuing through 2017, claims were raised that Frye engaged in dishonest practices multiple times while on the job, including conducting investigations outside the scope of standard patrol-level enforcement and circumventing department procedures, being untruthful during testimony in a drug prosecution, failing to disclose to a United States Attorney, who was preparing a case for trial and had posed the standard Giglio[10] questions to Frye, that he had previously been arrested and charged with felony larceny,[11] and failing to disclose various internal investigations into allegations of misconduct on his part. In addition, Frye was disciplined for making racially insensitive remarks about African Americans, making sexually inappropriate comments to a female co-worker, and for sexual harassment of another female co-worker.

Based on these concerns, a Roanoke County Assistant Commonwealth's Attorney decided not to sponsor Frye's testimony in any further cases unless the testimony was

---

[9] Young challenged his conviction in a § 2255 motion and raised the same arguments based on Frye's participation in the investigation of his case that he raises in this compassionate release motion. ECF No. 220. The court addressed his claim and determined that he was not entitled to relief. ECF Nos. 293, 294.

[10] Giglio v. United States, 405 U.S. 150 (1972).

[11] The charge was later dismissed and expunged from Frye's record.

corroborated by other evidence. Also, the United States Attorney determined that Frye would no longer be permitted to testify as a government witness. Young claims that Frye played a critical role in securing the charges against him and asserts that he would not have pled guilty had he known about the information bearing on Frye's credibility. He claims that these circumstances entitle him to compassionate release.

However, the Fourth Circuit held in United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022), that challenges to an underlying conviction and sentence cannot be brought in a compassionate release motion. Rather, such motions can only be brought via a motion pursuant to 28 U.S.C. § 2255, or, when appropriate, 28 U.S.C. § 2241. Id. at 266.

The court distinguished an attack on the validity of an underlying conviction or sentence from the argument that a change in sentencing law that occurred after sentencing but did not apply retroactively merited a reduction in a later sentence to conform to that change. Ferguson, 55 F.4th at 271 (citing United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020)). An argument that requires the court to examine whether the original conviction, sentence, or both, were valid at the time they were imposed should be brought via a § 2255 petition. Id.; see also In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.")

As Young is arguing here that he was falsely accused of the crimes of which he was convicted and that some form of coercion was at play in his prosecution, he is challenging his original conviction. Like the petitioner in Ferguson, Young cannot do so via this compassionate release petition. Rather, any challenge to his conviction and sentence can only

be brought on direct appeal, or in a motion for habeas corpus relief. Accordingly, his request for compassionate release based on his argument that his conviction was based on improper grounds must be **DENIED**. Because the court finds that Young is not eligible for compassionate release, it does not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")

### III. Conclusion

For the reasons stated, the court is unable to find that Young has shown that he has an "extraordinary and compelling" reason entitling him to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court **DENIES** Young's motion for compassionate release, ECF No. 369. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Young.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: December 18, 2023

Michael F. Urbanski
Chief United States District Judge